**UNITED STATES COURT OF APPEALS**
**For The Fifth Circuit**

_____

No. 99-31277
_____

In The Matter Of: LINDA VENUS MAYER

Debtor,

WALTER J. BLANCHARD, JR; PAUL BLANCHARD

Appellees,

v.

CYNTHIA LEE TRAINA

Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-348-C)
_____

August 16, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Cynthia Traina, Chapter 7 trustee for the debtor, Linda Mayer ("Debtor") appeals from the district court's order granting summary judgment in favor of the Debtor's sons (the "Blanchards") and rejecting the Trustee's attempt to avoid a transfer from the Debtor to her sons. According to Trustee, the district court erred in granting summary judgment because the evidence she introduced created an issue of material fact as to

---

[*] Pursuant to 5th Cᴵᴿ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cᴵᴿ. R. 47.5.4.

Debtor's insolvency on the date of the transfer to the Blanchards. We disagree.

We affirm essentially for the reasons assigned in the district court's opinion of September 29, 1999. We agree with the district court that Trustee failed to contradict Ms. Piatolly's affidavit asserting that the "Shepard Litigation" had a value of, at least, $75,000. Ms. Piatolly was not disqualified from making this valuation simply because she was an attorney involved in the litigation. Under these circumstances, the district court correctly concluded that Debtor was not insolvent on December 7, 1994, the date of the challenged transfer.

AFFIRMED.